UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| MEGAN FORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-CV-043-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ANDREW M. SAUL, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| | | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on cross-motions for Summary Judgment. [R. 16; R. 18]
The Plaintiff, Megan Forman, exhausted her administrative remedies and brought this action
under 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her
claim for Supplemental Security Income (SSI) benefits.  The Court, having reviewed the record
and the parties' motions, affirms the Commissioner's decision.

I.      **Factual and Procedural Background**

On June 8, 2017, Forman filed an application for child's insurance benefits (CIB) and SSI
alleging disability beginning in September 1994. [Administrative Record (AR) at 201–28]  Her
claims were denied initially and on reconsideration. [AR at 129, 136]  She subsequently
requested a hearing before an Administrative Law Judge (ALJ). [AR at 143]  At the hearing
before ALJ Morholt, Forman, through her attorney, amended the onset date of her disability to
April 20, 2017, and chose to go forward with only the SSI claim. [AR at 15, 41, 234]  ALJ
Morholt found Forman was not disabled, and the Appeals Council denied her request for review.
[AR at 1-7, 27-28]  Forman then filed for review of the ALJ's decision in this Court. [R. 1]

1

## II.    Standard of Review

This Court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence" and made in accordance with proper legal standards. *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs*., 25 F.3d 284, 285-86 (6th Cir. 1994).  "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec*., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted).  "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  This Court cannot review the case de novo, resolve conflicts of evidence, or decide questions of credibility. *Cutlip*, 25 F.3d at 286; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To determine disability under the Social Security Act, the ALJ must conduct a five-step analysis. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

1.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.

2.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.

3.  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## III.   Analysis

In denying Forman's claim, ALJ Morholt followed the five-step sequential process as required by the regulations under the Social Security Act. 20 C.F.R. § 404.1520. [AR at 15]

At step one, ALJ Morholt determined that Forman had not engaged in substantial gainful activity since April 20, 2017, the amended onset date. [AR at 17]

At step two, ALJ Morholt determined that Foreman had the following severe impairments: history of seizure disorder; history of migraines; obesity; organic brain disorder; anxiety; depression; and intellectual disorder. [*Id.*]

At step three, ALJ Morholt determined that Foreman did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [*Id.*]  The ALJ determined the severity of Forman's mental impairments, "considered singly and in combination" do not meet or medically equal the criteria of listings 11.02, 12.02, 12.04, 12.06, and 12.11. [AR at 23]  ALJ Morholt did not mention or analyze listing 12.05 in his decision.

At step four, ALJ Morholt determined that Forman had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) with certain specified limitations. [AR at 19]

At step five, ALJ Morholt noted Forman had no past relevant work. [AR at 26]  And considering Forman's age, education, RFC, and the testimony of a vocational expert, ALJ

Morholt concluded that Forman is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and a "finding of 'not disabled' is therefore appropriate." [AR 27]

On appeal, Forman makes three arguments. First, she contends that she meets listing 12.05 for Intellectual Disability and automatically qualifies for SSI. [R. 16 at 4–8]  Second, she argues that ALJ Morholt's failure to consider whether she meets listing 12.05 was reversible error and that remand is appropriate. [*Id.* at 7-8]  Third, she argues that ALJ Morholt erred in adopting the RFC assessment of another ALJ from a previous, unfavorable decision. [*Id.* at 8-10] The Court will address each of these arguments in turn.

### A. ALJ Morholt's conclusion that Forman does not meet or equal any listing is supported by substantial evidence.

The "Listing of Impairments" (listings) describes impairments that the SSA considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).  A "claimant who meets the requirements of a listed impairment will be deemed conclusively disabled." *Rabbers*, 582 F.3d at 653. The listings are considered at step three of the five-step sequential process, where the ALJ considers "if the claimant's impairment matches or is 'equal' to one of the listed impairments" and if so, she "qualifies for benefits without further inquiry."  *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990); 20 C.F.R. § 416.920(a)(4)(iii); (d).  If the claimant's impairments are not serious enough to meet or equal every requirement of a listing, then the analysis proceeds to the fourth and fifth steps. *Sullivan*, 493 U.S. at 525, 530; § 416.920(e).

At step three, ALJ Morholt considered listings 11.02, 12.02, 12.04, 12.06, and 12.11, and concluded that Forman "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." [AR at 17]  ALJ Morholt

applied the listings' requirements to the medical evidence and subjective testimony in the record and concluded that Forman's impairments do not meet or equal a listing. [AR at 17-19] Therefore, ALJ Marholt's decision is supported by substantial evidence.

ALJ Morholt considered Forman's seizures in relation to listing 11.02 and concluded that there was no evidence in the record that the seizures occur with the frequency required to meet 11.02. [AR at 17]  ALJ Marholt considered Forman's headaches, noting that no neurological listing existed for headaches and that the medical evidence did not "support listing level severity" with respect to her headaches. [AR at 17]  ALJ Marholt considered Forman's obesity under Social Security Ruling 02-1p and concluded that the medical evidence did not indicate that her obesity affected her "functional abilities or any normal movement patterns" to the extent necessary to equal any listing. [AR at 18]

ALJ Moholt went on to consider mental impairments that may qualify under a listing and considered four of the 12.00 listings by evaluating whether Forman's impairments satisfied the "paragraph B" criteria. [AR 18]  These criteria require a claimant's "mental disorder" to result in "extreme" limitation of one, or "marked" limitation of two, of four areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.  These four areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id*.

ALJ Morholt found only "moderate" limitation in understanding, remembering, or applying information because the evidence showed that Forman "could prepare small things to eat, read, and play games on the computer. . . . respond to questions from medical providers and there is no mention of any issues with the claimant's short- or long-term memory." [AR 18]  In interacting with others, ALJ Morholt found "mild limitations" because, according to Forman's

own statements, she is "able to get along with others, attend church, and live with others" and "the medical evidence shows that she was described as pleasant and cooperative and had good interactions with non-medical staff." [*Id.*]  With respect to concentrating, persisting, or maintaining pace, ALJ Morholt found that Forman had "no limitations" because Forman stated "that she is able to prepare small things to eat, watch television, read, write in her journal, play games, use the internet, and attend church" and "the record fails to show any mention of distractibility." [*Id.*]  Lastly, ALJ Morholt found "moderate limitations" in Forman's ability to adapt or manage herself because Forman "stated that she is able to handle self-care and personal hygiene" and "the objective evidence in the record showed the claimant to have appropriate grooming and hygiene and normal mood and affect." [*Id.*]  ALJ Morholt concluded that Forman's impairments did not rise to "extreme" or "marked" limitation in any of the four areas of the paragraph B criteria, therefore she could not satisfy any of the 12.00 listings that ALJ Morholt considered.  ALJ Morholt's findings and conclusions were clearly supported by substantial evidence.

Forman disagrees with ALJ Morholt's conclusion and argues that she "meets the requirements of listing 12.05." [R. 16 at 7]  This listing was not expressly considered by ALJ Marholt.  To meet the requirements of listing 12.05, a claimant must satisfy three requirements. First, she must show that she has "significantly subaverage general intellectual functioning" evidenced by an IQ score of less than 70. § 12.05B(1).  Second, she must show she has "significant deficits in adaptive functioning currently manifested by extreme limitation in one, or marked limitation of two, of the following areas of mental functioning:"

1. Understanding, remembering, or applying information;
2. Interacting with others;
3. Concentrating, persisting, or maintaining pace; or
4. Adapting or managing oneself.

§ 12.05B(2).

Last, the claimant's evidence must support the conclusion that her "intellectual disorder" began prior to her turning 22 years old. § 12.05B(3).

The claimant bears the burden of proof at step three. *Rabbers*, 582 F.3d at 652. An impairment that meets only some of the criteria in a listing does not satisfy the claimant's burden to demonstrate disability under that listing. *Sullivan*, 493 U.S. at 530. Rather, the claimant "must point to specific evidence that demonstrates [she] reasonably could meet or equal *every requirement* of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (emphasis added).

Forman has not done so. In her Memorandum in Support of Motion for Summary Judgment, Forman shows that she satisfies the first requirement of listing 12.05 with a full scale IQ score of 67. [R. 16 at 4] However, she does not point to any evidence in the record that shows that she meets the remaining requirements of 12.05, namely the 12.05B(2) requirements. Because she does not explain how she meets every requirement of listing 12.05, ALJ Morholt's decision not to consider it was harmless.

The 12.05B(2) requirements will sound familiar because, although they are separate from the paragraph B criteria, they are identical. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2)(b) ("paragraph B criteria") *to* § 12.05B(2). The 12.05 requirements mirror the paragraph B requirements that ALJ Morholt considered with respect to listings 12.02, 12.04, 12.06, and 12.11. In all four areas, ALJ Morholt found either no limitation, mild, or moderate—none of which are sufficient to satisfy listing 12.05's requirement of "extreme" or "marked" limitation. This conclusion necessarily forecloses any finding that listing 12.05 could be met. Forman has put forward no argument to explain why this would not be so. It would be

unreasonable to suggest, for example, that after ALJ Morholt found that Forman has *no limitations* in concentrating, persisting, or maintaining pace with respect to listing 12.06, he could, in the next breath, find that Forman has "marked" or "extreme" limitations in those exact same areas with respect to listing 12.05. This Court finds no reason to construe the identical language used for criteria under paragraph B to mean something different under 12.05B(2).

Therefore, because Forman's argument that she meets listing 12.05 is contrary to ALJ Marholt's conclusion that she did not meet *any* of the listings, and ALJ Morholt's decision is supported by substantial evidence, Forman's argument must fail.

**B. Forman did not raise a substantial question as to whether she meets listing 12.05 and therefore the ALJ's failure to consider listing 12.05 was harmless.**

At step three of the five-step sequential process, the SSA regulations require the ALJ to determine if a claimant meets or equals a listing, but they "do not require the ALJ to address every listing," or to "discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013). Only if the record "raises a substantial question as to whether the claimant could qualify as disabled under a listing," is the ALJ obligated to consider that listing. *Sheeks*, 544 F. App'x at 641 (citing *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990)) (cleaned up). If a "substantial question" is raised, "the ALJ's failure to discuss that listing would constitute reversible error." *Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 304 (6th Cir. 2019) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x. 411, 416 (6th Cir. 2011)). This is so because "the ALJ need[s] to actually evaluate the evidence, compare it to [the listing], and give an explained conclusion, in order to facilitate meaningful judicial review . . . . [otherwise] it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds*, 424 F. App'x. at 415–16. To raise a "substantial question," a claimant must do more than merely point to evidence that would satisfy some of the

requirements of the listing or show that the "ALJ's decision leaves open the question whether [she] meets [a] listing". *Sheeks*, 544 F. App'x 641-42.  Rather "the claimant must point to *specific* evidence that demonstrates [she] reasonably could meet or equal *every* requirement of the listing." *Smith-Johnson*, 579 F. App'x at 432 (quoting *Sheeks*, 544 F. App'x at 641–42) (emphasis added). Forman has not done so.  Therefore, Forman did not raise a "substantial question" as to whether she meets listing 12.05, and ALJ Morholt was not required to consider that listing in his decision.[1]

Furthermore, "where the ALJ makes findings elsewhere in the decision supporting the conclusion that the claimant did not meet a listing, the Court may affirm the decision because an ALJ need not 'spell out every fact a second time.'" *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006); *see also Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (explaining that the ALJ's step three findings may be upheld where there are "factual findings elsewhere in his decision to support his conclusion.").

Because ALJ Morholt made findings elsewhere in his decision that preclude any conclusion that Forman could meet listing 12.05, this Court may affirm ALJ Morholt's decision. After ALJ Morholt concluded that the paragraph B criteria were not met, ALJ Morholt did not need to consider 12.05 because the evidence did not raise a "substantial question" as to whether Forman could qualify.  Again, an "ALJ need not discuss listings that the applicant clearly does not meet." *Sheeks*, 544 F. App'x at 641.  ALJ Morholt did not need to "spell out every fact a second time" to show why Forman could not meet the requirements of 12.05. *Bledsoe*, 165 F.

---

[1] The Court recognizes that Forman raised listing 12.05 during her May 2018 hearing before ALJ Morholt. [AR 40] While it may have been imprudent for ALJ Morholt to not address this listing in his decision—having increased his risk of committing reversible error—in this case his failure to do so was harmless.

App'x at 411.  Therefore, ALJ Morholt's failure to expressly consider listing 12.05 was harmless.

### C. ALJ Morholt did not err in adopting ALJ Crocker's prior RFC assessment.

Forman argues that ALJ Morholt erred when he adopted the same RFC assessment as ALJ Crocker did in April 2017 because ALJ Morholt found that Forman has a more severe intellectual disorder. [R. 16 at 8-10]  Forman argues that ALJ Morholt was not bound by res judicata to adopt ALJ Crocker's RFC assessment, that she deserved a fresh review of the record, and that review should merit a greater limitation of functioning. *Id*.

Forman is correct in one respect—res judicata does not apply to a new application for SSI benefits for a new period of time; rather, the new application is entitled to a "fresh review." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933-34 (6th Cir. 2018).  However, "[f]resh review is not blind review" and a "later administrative law judge may consider what an earlier judge did" when considering the second application. *Id.* at 934.  That is what ALJ Morholt did here. He "considered the residual functional capacity set forth by Judge Crocker in April 2017" and found "that new and material evidence, including subjective testimony, does not warrant a greater degree of functional limitation than that previously found by Judge Crocker." [AR at 26]

Forman disagrees with this conclusion, pointing out that after ALJ Crocker's decision, Forman was psychiatrically hospitalized three times for suicidal ideation and/or attempt. [R. 16 at 10]  However, ALJ Morholt considered this new evidence in detail when making his RFC assessment. [AR at 22-23]  ALJ Morholt considered that during a medical visit in June 2016, Forman denied any suicidal ideations at that time; in July 2017 she reported that she was "sleeping better and not having suicidal thoughts;" that on discharge from her first hospitalization she reported doing "great," and on discharge from her second hospitalization she reported her mood was "really good" and she was advised to follow outpatient treatment and

10

continue her medications. [AR at 20-23]  Following a medical visit in February 2018, Forman reported that she was "no longer suicidal" and wanted to contact a "vocational rehab" program to enroll. [AR at 22-23]  After evaluating this new evidence, ALJ Morholt concluded that the evidence did "not warrant a greater degree of functional limitation than that previously found by Judge Crocker." [AR at 26]  Because ALJ Morholt's decision is supported by substantial evidence, this Court will not disagree.

Forman also argues that the adoption of ALJ Crocker's RFC assessment was improper because, while ALJ Crocker had found Forman to have "borderline intellectual functioning," ALJ Morholt had found Forman to have "intellectual disorder"—a more severe impairment. [R. 16 at 11-12]

All an ALJ is required to do is consider any new evidence in a subsequent application and make his or her own determinations about a claimant's limitations. *Goins v. Saul*, No. CV 19-117-DLB, 2020 WL 1290784, at *2 (E.D. Ky. Mar. 18, 2020).  ALJ Morholt did so here. Although Forman may be correct that this new evidence would "*warrant* a greater degree of functional limitation than that previously found by Judge Crocker," [R. 16 at 8], Forman has not shown that it *requires* such a finding or that ALJ Morholt's finding was not supported by substantial evidence. *Quire v. Colvin*, No. CV 3: 15-016-DCR, 2015 WL 6871588, at *8 (E.D. Ky. Nov. 6, 2015) ("A mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual.") (quoting *McKenzie v. Comm'r, Soc. Sec.*, 215 F.3d 1327 (Table), 2000 WL 687680, at *5 (6th Cir. May 19, 2000).

In making the RFC assessment, ALJ Morholt evaluated Forman's father's subjective testimony, Forman's own testimony, her sister's testimony, medical evidence spanning almost

Forman's entire life, and gave "great weight" to the opinions of the state agency medical consultants whose opinions he found "consistent with the overall evidence of record." [AR at 26] A review of the record and ALJ Morholt's decision shows that his independent determination of Forman's RFC and his decision to adopt ALJ Crocker's assessment is supported by substantial evidence. Therefore, this Court affirms the Commissioner's decision.

## IV.    Conclusion

Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

1.    The Plaintiff's Motion for Summary Judgment [**R. 16**] is **DENIED.**

2.    The Commissioner's Motion for Summary Judgment [**R. 18**] is **GRANTED.**

3.    The decision of the Commissioner is **AFFIRMED**.

4.    A judgment will be entered contemporaneously with this Order.

This the 14th day of September, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY